**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| Teresa Schroeder South City Counsel STL, LLC, DBA South City Counseling STL, Rupp Chiropractic LLC DBA Back to Life Chiropractic, and Thin Line Counseling Services, LLC, *on behalf of themselves and all others similarly situated,*<br><br>*Plaintiffs*,<br><br>v.<br><br>UnitedHealth Group Incorporated, United HealthCare Services, Inc., OptumInsight, Inc., Change Healthcare Inc., Change Healthcare Operations, LLC, Change Healthcare Solutions, LLC, Change Healthcare Holdings, Inc., Change Healthcare Technologies, LLC, Change Healthcare Pharmacy Solutions, Inc., Optum, Inc., Optum Financial, Inc., and Optum Bank, Inc.,<br><br>*Defendants*. | REMOVED FROM CIRCUIT COURT OF THE CITY OF ST. LOUIS, MISSOURI<br>CASE NO. 2622-CC00482<br><br>Civil Action No. 4:26-cv-510 |

**NOTICE OF REMOVAL**

Defendants UnitedHealth Group Incorporated, United HealthCare Services, Inc., OptumInsight, Inc., Change Healthcare Inc., Change Healthcare Operations, LLC, Change Healthcare Solutions, LLC, Change Healthcare Holdings, Inc., Change Healthcare Technologies, LLC, Change Healthcare Pharmacy Solutions, Inc., Optum, Inc., Optum Financial, Inc., and Optum Bank, Inc. ("Defendants") file this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and remove this action from the Circuit Court of the City of St. Louis, Missouri to the United States District Court for the Eastern District of Missouri. As its reasons for removal, Defendants state:

## BACKGROUND

1. Plaintiffs Teresa Schroeder South City Counsel STL, LLC, DBA South City Counseling STL, Rupp Chiropractic, LLC, DBA Back to Life Chiropractic, and Thin Line Counseling Services, LLC, ("Plaintiffs") commenced a civil action against Defendants in the Circuit Court for the City of St. Louis, Missouri, titled *Teresa Schroeder South City Counsel STL, LLC, DBA South City Counseling STL, et al. v. UnitedHealth Group Incorporated, et al.,* by filing their Complaint on March 9, 2026 (the "State Court Action"). A true and accurate copy of the Complaint is attached as **Exhibit A** and constitutes all processes, pleadings, and orders served upon Defendants in this action to the present date. 28 U.S.C. § 1446(a).[1]

2. Pursuant to an agreement with Plaintiffs' counsel, a Summons, along with the Complaint, were not served on Defendants, and Defendants signed the waiver of service on April 3, 2026. The instant Notice of Removal is being filed within thirty (30) days of the waiver of service date. 28 U.S.C. § 1446(b).

3. Attached as **Exhibit B** is a copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the State Court. 28 U.S.C. § 1446(d).

[1] The Complaint relates to a cyberattack suffered by Defendants on or about February 21, 2024. Over 150 cases have been brought against Defendants and Defendants' parent companies in connection with the same cyberattack. On June 7, 2024, the Judicial Panel for Multistate Litigation (JPML) instituted a Multi-District Litigation in the District of Minnesota to centralize cases arising from the cyberattack for pre-trial proceedings: *In Re: Change Healthcare, Inc. Customer Data Security Breach Litigation*, No. 0:24-md-03108-DWF-DJF (D. Minn.). Defendants are filing, contemporaneously with this Notice of Removal, a Notice of Potential Tagalong with the JPML to consider whether this case should be consolidated as part of the MDL for pre-trial proceedings.

## DIVERSITY JURISDICTION

4. This Court has diversity jurisdiction over the Complaint, pursuant to 28 U.S.C. § 1332, under both "traditional" diversity (28 U.S.C. § 1332(a)) and diversity under the Class Action Fairness Act (28 U.S.C. § 1332(d)).

**28 U.S.C. § 1332(a)**

5. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.

6. Plaintiffs allege that Plaintiff Teresa Schroeder South City Counseling STL, LLC, DBA South City Counseling STL ("South City") has a principal place of business in St. Louis, Missouri. Compl. ¶ 270. According to the Missouri Secretary of State's Office, Plaintiff South City was formed on September 7, 2015, and has a principal office address in St. Louis, Missouri. Additionally, Counsel for Plaintiffs have stated and represented to Counsel for Defendants that for purposes of diversity jurisdiction, Plaintiff South City, and all its members, are citizens of Missouri.

7. Plaintiffs allege that Plaintiff Rupp Chiropractic, LLC, DBA Back to Life Chiropractic ("Back to Life Chiropractic") has a principal place of business in Chesterfield, Missouri. Compl. ¶ 277. According to the Missouri Secretary of State's Office, Plaintiff Back to Life Chiropractic was formed on January 17, 2013, and has a principal office address in Chesterfield, Missouri. Additionally, Counsel for Plaintiffs have stated and represented to Counsel for Defendants that for purposes of diversity jurisdiction, Plaintiff Back to Life Chiropractic, and all its members, are citizens of Missouri.

8. Plaintiffs allege that Plaintiff Thin Line Counseling Services, LLC ("Thin Line Counseling") is a mental health services practice located and registered in Saint Peters, Missouri. Compl. ¶ 284. Plaintiff Thin Line Counseling is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of its members. *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). According to the Missouri Secretary of State's Office, Plaintiff Thin Line Counseling was formed on November 3, 2022, and has a principal office address in Saint Peters, Missouri. Additionally, Counsel for Plaintiffs have stated and represented to Counsel for Defendants that for purposes of diversity jurisdiction, Plaintiff Thin Line Counseling, and all its members, are citizens of Missouri. Accordingly, Plaintiff Thin Line and all of its members are citizens of Missouri for purposes of diversity jurisdiction.

9. Defendant UnitedHealth Group Incorporated is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant UnitedHealth Group Incorporated is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

10. Defendant United HealthCare Services, Inc. is a corporation formed under the laws of Minnesota and its principal place of business is in Minnesota. Accordingly, Defendant United HealthCare Services, Inc. is a citizen of Minnesota for purposes of diversity jurisdiction.

11. Defendant OptumInsight, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant OptumInsight, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

12. Defendant Change Healthcare Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

13. Defendant Change Healthcare Operations, LLC is a Delaware limited liability company. The citizenship of a limited liability company is determined by its members. *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004). The sole member of Change Healthcare Operations, LLC is Change Healthcare Holdings, Inc. Change Healthcare Holdings, Inc. is incorporated in the State of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Operations, LLC is a citizen of Delaware and Minnesota for diversity purposes.

14. Defendant Change Healthcare Solutions, LLC is a Delaware limited-liability company. The sole member of Change Healthcare Solutions, LLC is Change Healthcare Operations, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Operations, LLC is Change Healthcare Holdings, Inc. Change Healthcare Holdings, Inc. is incorporated in the State of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Solutions, LLC is a citizen of Delaware and Minnesota for diversity purposes.

15. Defendant Change Healthcare Holdings, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Holdings, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

16. Defendant Change Healthcare Technologies, LLC is a Delaware limited-liability company. The sole member of Change Healthcare Technologies, LLC is Change Healthcare Holdings, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Holdings, LLC is Change Healthcare Intermediate Holdings, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Intermediate Holdings, LLC is Change

Healthcare LLC, a Delaware limited-liability company. The sole member of Change Healthcare LLC is Change Healthcare Holdco Inc. Change Healthcare Holdco Inc. is incorporated in the State of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Technologies, LLC is a citizen of Delaware and Minnesota for diversity purposes.

17. Defendant Change Healthcare Pharmacy Solutions, Inc. is a corporation formed under the laws of Maine and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Pharmacy Solutions, Inc. is a citizen of Maine and Minnesota for purposes of diversity jurisdiction.

18. Defendant Optum, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Optum, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

19. Defendant Optum Financial, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Optum Financial, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

20. Defendant Optum Bank, Inc. is a corporation formed under the laws of Utah and its principal place of business is in Utah. Accordingly, Defendant Optum Bank, Inc. is a citizen of Utah for purposes of diversity jurisdiction.

21. Because Plaintiffs are citizens of Missouri and Defendants are citizens of Delaware, Maine, Minnesota, and Utah, complete diversity exists between Plaintiffs and Defendants.

22. Although the Complaint does not specify the precise amount of damages sought, the preponderance of the evidence shows that the amount in controversy exceeds $75,000. The Complaint alleges Plaintiffs suffered monetary losses via missed or delayed payments for medical care and spent significant time and resources investigating the network outage and alternative

methods to receive payment for medical care. Compl. ¶¶ 273, 280, 287. In addition, the Complaint alleges Plaintiffs suffered interference and disruption of business relationships or expectancies between Plaintiffs and third-party businesses. Compl. ¶¶ 272, 279, 286. Plaintiff Thin Line also allegedly had to apply for the Temporary Funding Assistance Program and took out a loan of $12,000. Compl. ¶ 288. Additionally, Plaintiffs claim treble and/or punitive or exemplary damages. Compl., Request for Relief.

23. The Complaint also states that Plaintiffs seek injunctive relief that would require the Defendants to, among other things, "create and robustly fund and staff a system to promptly resolve claim and payment backlogs and assist Providers with information and financial support needed…; forgiving (in whole or in part) loans or advances made by… Defendants." Compl. ¶ 350.

24. Therefore, Defendants assert in good faith that the amount in controversy exceeds $75,000 in value. *See* 28 U.S.C. § 1446(c)(2).

**<u>28 U.S.C. § 1332(d)</u>**

25. This Court also has jurisdiction over the Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the Complaint is a class action, at least one member of the class (Plaintiff) is a citizen of a state different from Defendants, Defendants are not a State, State official, or other governmental entity, the number of members of the proposed plaintiff class is not less than 100, and the amount in controversy exceeds the sum or value of $5,000,000.

26. As stated above, Plaintiffs and their members are citizens of Missouri, while Defendants are citizens of Delaware, Minnesota, Utah, and Maine. Thus, at least minimum diversity exists.

27. The Complaint alleges that Defendants' Change Platform "is connected to more than 800,000 providers" and "involved in one in every three patient records." Compl ¶ 294. Since Plaintiffs seek to represent a nationwide class of providers, Compl. ¶ 290, the number of members of the proposed class is greater than 100.

28. Furthermore, the amount in controversy is more than $5,000,000. The Complaint alleges that "a third of hospitals surveyed… reported that the Ransomware Attack 'disrupted more than half their revenue" and that "providers did not timely receive billions of dollars in earned reimbursements" as a result of the business disruption. Compl. ¶¶ 5, 72. Since Plaintiffs seek to represent a nationwide class of providers, the amount in controversy exceeds $5,000,000.

29. Because the requirements for diversity jurisdiction are satisfied, this Court has jurisdiction over all claims and parties pursuant to 28 U.S.C. § 1332(a) and (d). The Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

30. All Defendants join in to the removal of this action to the United States District Court for the Eastern District of Missouri.

**<u>REMOVAL TO THIS DISTRICT IS PROPER</u>**

31. This Notice of Removal is being filed in the Eastern District of Missouri, the District Court of the United States for the district and division within which the State Court Action is pending. 28 U.S.C. §§ 1441(a) and 1446(a).

32. WHEREFORE, Defendants respectfully request that the State Court Action be removed and proceed in the United States District Court for the Eastern District of Missouri.

Dated: April 7, 2026.

Respectfully submitted,

**SPENCER FANE LLP**

*s/ Douglas M. Weems*
Douglas M. Weems, MO #41165
Paul T. Jacobson, MO #69152
Henry Hong, MO #78015
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2140
Tel: (816) 474-8100
Fax: (816) 474-3216
dweems@spencerfane.com
pjacobson@spencerfane.com
hhong@spencerfane.com

*Counsel for Defendants: UnitedHealth Group Incorporated, United HealthCare Services, Inc., OptumInsight, Inc., Change Healthcare Inc., Change Healthcare Operations, LLC, Change Healthcare Solutions, LLC, Change Healthcare Holdings, Inc., Change Healthcare Technologies, LLC, Change Healthcare Pharmacy Solutions, Inc., Optum, Inc., Optum Financial, Inc., and Optum Bank, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2026, the foregoing document was electronically filed with the Clerk of Court using the Court's e-filing system, which will send notification of such filing to the participants registered to receive service, and was served by email to the following counsel:

Stefon J. David
Stueve Siegel Hanson, LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
david@stuevesiegel.com

David Berger
Gibbs Mura LLP
1111 Broadway, Suite 2100
Oakland, CA 94607
dmb@classlawgroup.com

*s/ Douglas M. Weems*
An Attorney for Defendants